DANIEL R. PRICE (73821)
LAW OFFICES OF DANIEL PRICE
260 Sheridan Avenue, Suite 450
Palo Alto, CA 94306-2099
Telephone:     (650) 321-1440
Facsimile:      (650) 321.4746

Floyd A. Mandell (*pro hac vice*)
Julie P. Setren  (*pro hac vice*)
William J. Dorsey  (*pro hac vice*)
KATTEN MUCHIN ROSENMAN LLP
525 West Monroe Street, Suite 1900
Chicago, IL 60661-3693
Telephone:     (312) 902-5200
Facsimile:      (312) 902-1061

Attorneys for Plaintiffs
THERMA-TRU CORP. and TT TECHNOLOGIES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERMA-TRU CORP. and TT TECHNOLOGIES, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> PACIFIC MILLWORKS, and WILLIAM ANDERS, <br><br> Defendants. | Case No. C06 07852JW <br><br> **CONSENT PRELIMINARY INJUNCTION** |

WHEREAS, PLAINTIFFS and PMI have agreed that a preliminary injunction may be entered against PMI without admission of liability, but to avoid the expense of resolving a contested motion for preliminary injunction, which Plaintiffs have indicated that they intend to file and Defendants would oppose;

WHEREAS, for purposes of this Consent Preliminary Injunction, the term "PLAINTIFFS" shall mean and refer to, individually and collectively, the Plaintiffs Therma-Tru Corp. and TT

1.     **CONSENT PRELIMINARY INJUNCTION**

Technologies, Inc., their parents, subsidiaries, divisions, and affiliates, and their employees, officers, directors, agents, consultants, salespersons and contractors;

WHEREAS, for purposes of this Consent Preliminary Injunction, the term "PMI" shall mean and refer to, individually and collectively, the Defendant Pacific Millwork, Inc., its parents, subsidiaries, divisions, and affiliates, and its employees, officers, directors, agents, consultants, and contractors;

WHEREAS, for purposes of this Consent Preliminary Injunction, the term "ANDERS" shall mean and refer to the Defendant Bill Anders;

WHEREAS, for purposes of this Consent Preliminary Injunction, the term "THERMA-TRU MARKS" shall mean and refer to, individually and collectively, the following United States Trademark and Service Mark Registrations, which Plaintiffs represent and warrant are valid and subsisting and are owned by PLAINTIFFS for use in combination with the following goods and services:

| US Reg. No. | Date Granted | Trademark | Goods and Services |
|---|---|---|---|
| 894,422 | Jul. 14, 1970 | THERMA TRU and design | Metal-faced doors |
| 1,163,406 | Aug. 4, 1981 | THERMA TRU | Metal-faced doors and door frames |
| 1,178,807 | Nov. 24, 1981 | THERMA TRU and design | Metal-faced doors and door frames |
| 1,186,393 | Jan. 19, 1982 | THERMA TRU | Metal door frames and metal-faced insulated doors with weatherstripping and/or door plants consisting of decorative molding pieces and panels attached to doors |
| 1,186,394 | Jan. 19, 1982 | THERMA TRU | Metal door frames and metal-faced insulated doors containing door lights consisting of panes of glass |
| 1,186,395 | Jan. 19, 1982 | THERMA TRU and design | Metal door frames and metal-faced insulated doors containing door lights consisting of panes of glass |

| US Reg. No. | Date Granted | Trademark | Goods and Services |
|---|---|---|---|
| 1,186,396 | Jan. 19, 1982 | THERMA TRU and design | Metal door frames and metal-faced insulated doors with weatherstripping and/or door plants consisting of decorative molding pieces and panels attached to doors |
| 1,526,924 | Feb. 28, 1989 | THERMA TRU and design | Doors in International Class 19 |
| 1,553,737 | Aug. 29, 1989 | THERMA TRU | Doors in International Class 19 |

WHEREAS, PMI represents and warrants that it does not have in its possession, custody, or control any labels, stickers, packages, signs, or other material that contain the term "Therma-Tru," or that contain any of Therma-Tru's logos, or that contain any other terms, marks, or names confusingly similar to any of the THERMA-TRU MARKS, which are counterfeit, fake, or otherwise not originating from or authorized by Therma-Tru;

WHEREAS, PLAINTIFFS have reasonably relied upon PMI's representations and warranties in the preceding paragraph in entering into this Consent Permanent Injunction;

WHEREAS, PMI reserves all rights and defenses on behalf of PMI and ANDERS regarding challenges to venue and jurisdiction in this Court for all purposes other than this Consent Preliminary Injunction;

WHEREAS, PLAINTIFFS and PMI stipulate to an extension of time for PMI and ANDERS to file an Answer to the Complaint filed in this action while a possible resolution of this action is explored, provided, however, that PMI and ANDERS must file the Answer or an appropriate motion within fourteen (14) days after receiving notice from PLAINTIFFS that PLAINTIFFS believe settlement has reached an impasse. PLAINTIFFS and PMI agree that document requests may be immediately served pursuant to Rule 34 of the Federal Rules of Civil Procedure to enable PLAINTIFFS and PMI to work toward resolution of this case;

WHEREAS, for purposes of this Consent Preliminary Injunction, PLAINTIFFS and PMI make no admission of liability, entering into this Consent Preliminary Injunction in order to provide protection to PLAINTIFFS and PMI while PLAINTIFFS and PMI explore a possible resolution of this dispute;

WHEREAS, PLAINTIFFS and PMI and ANDERS have agreed to make best efforts to pursue private mediation of this action at a mutually-agreeable date and location without regard to where this action is pending.

And the Court finding good cause,

IT IS HEREBY ORDERED, ADJUDICATED, AND DECREED that:

1. PLAINTIFFS and PMI stipulate that, for purposes of this Consent Preliminary Injunction, this Court has jurisdiction over PLAINTIFFS and PMI, and over the subject matter of this action.

2. PMI reserves all rights and defenses on behalf of PMI and ANDERS regarding challenges to venue and jurisdiction in this Court for all purposes other than this Consent Preliminary Injunction.

3. PMI and ANDERS are granted an extension of time for PMI and ANDERS to file an Answer to the Complaint filed in this action while a possible resolution of this action is explored, provided, however, that PMI and ANDERS must file the Answer or an appropriate motion within fourteen (14) days after receiving notice from PLAINTIFFS that PLAINTIFFS believe settlement has reached an impasse. Document requests may be immediately served pursuant to Rule 34 of the Federal Rules of Civil Procedure to enable PLAINTIFFS and PMI to work toward resolution of this case.

4. PMI, including all persons in active concert or participation with PMI, are hereby preliminarily enjoined and restrained from[1]:

(i) removing, concealing, creating, fabricating, or otherwise altering any labels, stickers, packages, signs, and all other material containing the mark "Therma-Tru," any of Therma-Tru's logos, or any other terms, marks, or names confusingly similar to any of the THERMA-TRU MARKS, except in a manner expressly authorized;

(ii) advertising, marketing, promoting, distributing, offering for sale, or selling any goods or services using trademarks, tradenames, or service marks comprising in whole or in part any of the THERMA-TRU MARKS or any name confusingly similar thereto, except in a manner that is expressly authorized;

(iii) passing off any non-Therma-Tru product as produced by, affiliated with, or sanctioned by Therma-Tru; and

(iv) doing any other act or thing that is likely to induce the belief, if not accurate, that goods or services sold by PMI or ANDERS are in any way affiliated or connected with, sponsored by, or related to Therma-Tru or, vice versa, that Therma-Tru's goods or services are in any way affiliated or connected with, sponsored by, or related to PMI, or that is likely to diminish the distinctiveness of the THERMA-TRU MARKS.

5. No representation, agreement, or provision of this Consent Preliminary Injunction shall be taken as an admission by PLAINTIFFS or PMI as to any issue of law or fact related to the underlying dispute in the matter at bar. This Consent Preliminary Injunction shall not be effective to establish, in whole or in part, that PLAINTIFFS are the prevailing party in this case. Each party will bear its own attorney fees and costs incurred in the preparation and filing of this Consent

---

[1] PLAINTIFFS reserve all rights to seek damages for any such violations and to seek a broader permanent injunction at trial. PMI and ANDERS reserve all rights to any and all defenses it may have.

Preliminary Injunction. This Consent Preliminary Injunction shall be inadmissible in any proceeding, except in a proceeding to enforce it or to terminate it.

6. Upon entry, this Consent Preliminary Injunction Order shall remain in full force and effect until this case is resolved by dismissal, verdict, judgment, or settlement, unless otherwise ordered by this Court. Violation of this Order by PMI shall entitle PLAINTIFFS to all damages and remedies, as this Court deems just and equitable.

7. In the event either Plaintiffs or PMI file a Motion to Enforce this Order, the prevailing party shall be entitled to an award of their attorneys' fees and costs, together with such additional damages and remedies as this Court deems just and equitable.

IT IS SO ORDERED this __11__ day of ~~February~~ April, 2007.

Dated: 4/11/2007

_____
Honorable James Ware
United States Judge
United States District Court
Northern District of California

[SIGNATURE PAGES OF PARTIES FOLLOW]

**PLAINTIFFS:**

**THERMA-TRU CORP. AND TT TECHNOLOGIES, INC.**

By: _____/s/_____

Name: _____Lauren S. Tashman_____

Title: _____Asst. Secretary_____

Date: _____02/01/07_____


**DEFENDANT:**

**PACIFIC MILLWORK, INC.**

By: _____/s/_____

Name: _____Bill Anders, Jr._____

Title: _____President_____

Date: _____02/01/07_____

*Filer's Attestation: Pursuant to General Order No. 45, Section X(B) regarding signatures, Daniel R. Price hereby attests that concurrence in the filing of the document has been obtained.*